OPINION
In this accelerated calendar case, submitted on the record and the briefs of the parties, appellant, Ronald P. Olsen ("Olsen"), appeals from the Mentor Municipal Court's judgment entered on October 7, 1999, denying his motion to suppress evidence. Olsen was charged with possession of drug paraphernalia and with drug abuse in violation of Mentor City Code sections 139.02(D) and 139.01, respectively. Upon denial of his motion to suppress evidence, Olsen pled no contest to possession of drug paraphernalia and was found guilty by the court. The court dismissed the drug abuse charge. The following facts are relevant to a determination of this appeal.
On August 6, 1999, two Mentor police officers came to Olsen's home looking for his stepson. Olsen answered the door, briefly spoke to the officers through the door, then stepped out onto his porch and spoke with the officers for several minutes. The officers received a radio call from their dispatcher. The dispatcher requested Officer Kirk call dispatch on a telephone, apparently for confidentiality reasons. Officer Kirk asked Olsen if she could use his telephone. At the suppression hearing, Officer Kirk testified that Olsen responded, "yes, it's inside." Then, without saying anything further, Olsen opened his door, stepped in, and held the door open for Officer Kirk. Both Officer Kirk and Officer Slovenkay stepped inside. Officer Slovenkay corroborated Officer Kirk's testimony.
Contrary to the officers' testimony, Olsen testified that he responded to Officer Kirk's request to use the phone by saying, "wait here, I will get the cordless phone for you." Olsen testified he did not invite them in, did not consent to their entry, and did not hold the door open for them to enter. He testified they entered the home so quickly, "I didn't have time to say yes or no."
The officers did not have a warrant to enter the home and, prior to entering it, did not suspect that Olsen's stepson was inside. Once inside, the officers noticed the odor of burnt marijuana and saw drug paraphernalia and marijuana lying out in the open. The officers then charged Olsen with drug abuse and possession of drug paraphernalia. Upon the denial of his motion to suppress, Olsen entered a plea of no contest and was found guilty. On October 12, 1999, the trial court suspended execution of sentence pending appeal. Although the trial court entered judgment on October 7, 1999, a judgment entry constituting a final appealable order was not filed until December 2, 1999. From this judgment, Olsen timely filed notice of appeal, assigning the following error:
 "The trial court erred to the prejudice of the defendant-appellant when it denied his motion to suppress in violation of his constitutional rights against unreasonable search and seizure."
Olsen argues the police officers unlawfully entered and searched his home by entering without his consent, without a warrant, and in the absence of exigent circumstances that would justify a search. Therefore, he argues, the evidence was obtained in violation of his state and federal constitutional rights. The premise of Olsen's argument is that a search of his home occurred. What occurred was police officer's entered his home to use his telephone, and the incriminating evidence was lying in plain view.
In State v. Posey (1988), 40 Ohio St.3d 420, the Supreme Court of Ohio stated:
 "As the United States Supreme Court has held, `[t]he touchstone of Fourth Amendment analysis is whether a person has a "constitutionally protected reasonable expectation of privacy."' California v. Ciraolo
(1986), 476 U.S. 207, 211 (quoting Katz v. United States (1967), 389 U.S. 347, 360). Accordingly, `[w]hat a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection.' Katz, supra, at 351. Entry into a home or office with the consent of the owner or occupier is thus not a `search' within the protection of the Fourth Amendment. Maryland v. Macon (1985), 472 U.S. 463, 469." Id. at 427.
The Supreme Court of Ohio has further stated:
 "Under [the plain view] doctrine, an officer may seize an item without a warrant if the initial intrusion leading to the item's discovery was lawful and it was `immediately apparent' that the item was incriminating. Coolidge v. New Hampshire
(1971), 403 U.S. 443, 466. * * *
 "`The "immediately apparent" requirement * * * is satisfied when police have probable cause to associate an object with criminal activity.' State v. Halczyszak (1986), 25 Ohio St.3d 301, paragraph three of the syllabus." State v. Waddy (1992), 63 Ohio St.3d 424, 442.
In ascertaining the required probable cause to satisfy the "immediately apparent" requirement, police officers may rely on their specialized knowledge, training and experience. Halczyszak, supra, paragraph four of the syllabus. The plain view doctrine has been further qualified to require that the discovery of the evidence was inadvertent. State v.Williams (1978), 55 Ohio St.2d 82, 85. The "inadvertent discovery" requirement may be satisfied when police lack antecedent probable cause,i.e., an advance particularized knowledge of, or intent to seize, those objects ultimately seized. Halczyszak, supra, paragraph two of the syllabus.
In the present case, Olsen does not dispute that the discovery of the evidence was inadvertent or that the incriminating nature of the evidence was immediately apparent. His contention is that he did not consent to the police officers entering his house. When the state intends to rely on the consent exception to the search warrant requirement, the state has the burden of demonstrating by "clear and positive" evidence that the consent was "freely and voluntarily" given. Posey, supra, at 427, citingBumper v. North Carolina (1968), 391 U.S. 543, 548. Factually, however, this case does not present a situation where the police attempted to obtain the consent of an individual to search his home, or part thereof. The police testified their intent was to make a telephone call. Under these facts, the question is simply whether the police arrived at the position from which they obtained a plain view of the evidence in a lawful manner.
The testimony of both police officers indicated that Olsen agreed to let them use his telephone. He then proceeded through his door and held it open, which could be fairly interpreted as an invitation to enter. The police did enter and were then lawfully in a position to observe the evidence, which was in plain view. They were not trespassing, rather, they were invited in. While Olsen does not have the burden of demonstrating a lack of consent, the fact that he did not protest their entry is relevant to the extent that it demonstrates that at that point in time there was no indication that Olsen's (lack of) consent was being abrogated. On the contrary, the testimony of the officers presents clear and positive evidence that they were welcome to enter the home, not for the purpose of a search, but to use the telephone. Thus, even if we apply the standard necessary to validate a consent search, it is evident the state met its burden.
We recognize that Olsen's testimony, if believed, leads to an opposite conclusion. But the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of facts to determine.State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of syllabus. The trial court found the officers testimony more credible. We cannot say it abused its discretion in arriving at this factual conclusion. Appellant's assignment of error is without merit.
The judgment of the trial court is affirmed.
 ____________________________ JUDGE WILLIAM M. O'NEILL
FORD, P.J., MILLIGAN, J., Ret., Fifth Appellate District, sitting by assignment, concur.